IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Petitioner,<br><br>vs.<br><br>TOBIN FRIZZEL, et. al.,<br><br>Respondents. | CV 16-32-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Mr. Poulson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Poulson is a state prisoner proceeding pro se.

I.  **Claims**

Mr. Poulson previously alleged that he was unlawfully removed from his chemical dependency and anger management treatment groups at the Montana State Prison following a "false disciplinary write-up." *Poulson v. Pentland, et. al.*, CV-16-27-DLC-JTJ (Pet. filed March 30, 2016). In this petition, Poulson provides more background to these events and raises the same claim.

Apparently, Poulson was persuaded by a fellow inmate, D. Joseph Chyatte, to send a letter to two prison officials, Ms. Stefallo and Mr. Wilson. Poulson acknowledges the letter contained statements about these individuals that were

1

defamatory, slanderous, and contemptuous.[1] (Doc. 1 at 2.) Chayette informed Poulson that Stefallo was operating a brothel out of her office, which was frequented by low-side prisoners. *Id.* That information was also contained in the letter. After sending the letter, Poulson was apparently issued a write-up and directed to write an apology letter, which he did. Subsequently, Poulson was excluded from his treatment groups. *Id.* Poulson contends that this exclusion constitutes "discrimination by a public entity" and created an undue hardship upon him. *Id.* at 2-3. Poulson believes that he engaged in protected speech. (Docs. 1 at 1; 1-1 at 4, 5, 7; and 1-2 at 1.)

Poulson requests this Court issue an order placing him at the Bozeman Connections Corrections following 120 days of clear conduct and returning him to his treatment groups at the prison. *Id.* at 3. Poulson also asks this Court to direct the Montana Board of Prisons and Parole to allow Poulson community placement prior to his review hearing in August. He also asks the Court to talk to various prison officials involved in Poulson's write-up and subsequent removal from his treatment groups. *Id.*

## II. Analysis

Somewhat incredibly, after acknowledging that the letter he wrote was inflammatory and slanderous in nature, Poulson asserts that this speech was also

---

[1] According to Poulson, Chyatte promised to provide Poulson with a bag of coffee in exchange for writing the letter. (Docs. 1 at 1; 1-1 at 5.)

protected. The Court need not analyze the merits of this claim, however, because Poulson has not met the jurisdictional requirements under 28 U.S.C. § 2254(a), nor has he properly exhausted his claim in the state court.

As previously explained to Poulson, for this Court to have jurisdiction over a habeas action, a petitioner must meet the "in custody" requirement of 28 U.S.C. § 2254(a). *See Poulson v. Pentland, et. al.*, CV-16-27-DLC-JTJ (Or. filed May 17, 2016). Poulson failed to establish a nexus between the claims he raises and his purported unlawful custody. *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000). Accordingly, Poulson failed to meet this jurisdictional requirement.

Additionally, Poulson did not exhaust this claim. Before filing in federal court, a petitioner must exhaust available state judicial remedies with respect to each federal claim. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). The federal court then defers to the state court's resolution of those claims. 28 U.S.C. § 2254(d). Poulson has not presented the claim contained in this federal petition to the Montana Supreme Court. Thus, Poulson's petition should be dismissed for failure to exhaust state judicial remedies.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. The Court should issue a certificate of appealability as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Poulson has not established unlawful custody in relation to the claim he raises, nor has he presented his claim to the state court. There is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. Poulson's petition (Doc. 1) should be DISMISSED for lack of jurisdiction and failure to exhaust state judicial remedies.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Poulson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Poulson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.